IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL DALLAS,**

    Movant/Defendant,

vs.                                           **CIVIL NO. 08-947 JC/DJS**
                                                      Criminal No. 05-1160 JC

**UNITED STATES OF AMERICA,**

    Respondent/Plaintiff.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

    1. This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated in the Federal Correctional Institution in Victorville, California, as a result of his conviction of one count of possession of a firearm and ammunition by a felon, contrary to 21 U.S.C. §922(g)(1) and 18 U.S.C. §942 (e)(1). Following his conviction pursuant to a guilty plea, Movant was sentenced to one hundred and eighty months imprisonment to be followed by three years supervised release. The judgment imposing that sentence was entered on September 27, 2006. Movant did not file a direct appeal of his conviction.

    2. By the instant motion Movant asserts that his sentence is illegal because he was denied

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

effective assistance of counsel by his attorney's failure to file an appeal of his conviction. Movant states that his plea agreement contained a waiver of his right to appeal; however, review of that document by the Court reveals no such limitation. United States v. Michael Dallas, 05-Cr-1160 JC, Plea Agreement filed 6/13/06 (Docket No. 42). Regardless, in Roe v. Flores-Ortega, 528 U.S. 470 (2000)  the Supreme Court reiterated previous holdings that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal" is presumed to be constitutionally deficient. Roe 528 U.S. at 476. In other words, where a defendant timely instructs his attorney to file a notice of appeal, characterized as a "purely ministerial task," counsel presumptively violates the Sixth Amendment if he fails to do so. Id. at 477.  While claiming he desired an appeal of his conviction and/or sentence despite his believed waiver of that right, Defendant does not state what grounds for relief he would have asserted on appeal or would seek to argue if granted an appeal out of time.

   3. Respondent contends that the instant §2255 motion is untimely. Under 28 U.S.C. § 2255(f) a one-year limitation applies to § 2255 motions. The limitation period  runs from the latest of-

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f). Movant's conviction became final ten days after the entry of the amended judgment, as that date was the time limit for filing an appeal. Kapral v. United States, 166 F.3d 565, 577 (3d Cir.1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date

on which the time for filing such an appeal expired."); Fed. R.App. P. 4(b)(1) (notice of appeal must be filed within 10 days of the entry of the judgment of conviction). That is to say, Movant's conviction was final on October 7, 2006. He did not file the instant motion until October 14, 2008, approximately one year after the deadline for such filing had passed.

4. Movant asserts that he is entitled to equitable tolling or credit for a later date upon which he was aware of the facts in support of his claim as set forth in 28 U.S.C. §2255(f)(4), as he believed his attorney had filed a direct appeal and that the appeal was pending. To be entitled to equitable tolling, a litigant generally must establish two elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)).

5. The Fifth Circuit Court of Appeals determined that attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified. United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002)(Holding that attorney error regarding statute of limitations does not excuse a failure to timely file a §2255 motion but noting that an attorney's intentional deceit could warrant equitable tolling if the petitioner shows he relied upon the deception). The Seventh Circuit Court of Appeals is in agreement with that holding, noting that "attorney negligence is not extraordinary and clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." Modrowski v. Mote, 322 F.3d 965, 968 (7th Cir. 2003). Nevertheless, reasonable reliance on attorney misrepresentations and "egregious attorney misconduct" combined can warrant equitable tolling of the statute of limitations. Fleming v. Evans, 481 F.3d 1249, 1256 (10th Cir.2007); United States v. Martin, 408 F.3d 1089, 1095-96 (8th Cir.2005). The record is not clear that this case involves the sort of egregious misconduct, in the form of counsel affirmatively misleading Movant as to the state of his case, which would constitute

extraordinary circumstances justifying equitable tolling.

6. Nonetheless, Movant is not entitled to equitable tolling based upon his allegation that he directed his attorney to file a direct appeal and that his delay in filing a §2255 motion was caused by his belief that a direct appeal had been filed. Movant is not entitled to equitable tolling because he did not diligently pursue his case for two years after his conviction. See Gibson v. Klinger, 232 F.3d 799, 807 (10th Cir.2000) (requiring as a prerequisite to equitable tolling that a petitioner "diligently pursue" his federal *habeas* claims). As noted, any direct appeal had to have been filed within ten days of the judgment. Movant does not allege and has not shown that he took any steps to determine the status of his appeal, the grounds asserted in it, or other actions by his attorney at any time. Rather, he offers only the bare assertion that he believed an appeal had been filed and was awaiting the result, from the entry of the judgment in his case on September 27, 2006 until he mailed the instant §2255 motion on October 6, 2008, Movant did not take action on this matter. Cf. Rockwell v. Parker, 267 F. App'x 783, 785 (10th Cir.2008) (finding *habeas* petitioner was not reasonably diligent and not entitled to equitable tolling despite egregious attorney misconduct because he waited 166 days after learning state post-conviction application had been denied to file an appeal out of time). Under these circumstances, Movant has not shown that he has diligently pursued his rights and thus he is not entitled to equitable tolling of the one-year limitation period.

**RECOMMENDED DISPOSITION:**

That the §2255 motion be dismissed with prejudice as untimely.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**